**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
F I L E D
MAY 2 8 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

| | | |
|---|---|---|
| Eric Forney, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv217 (TSE/BRP) |
| | ) | |
| Christine Beach, et al., | ) | |
|     Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

Eric Forney, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action, pursuant to

42 U.S.C. § 1983, against Riverside Regional Jail ("RRJ") Accounting Technician Christine Beach

and RRJ Superintendent Darnley Hodge, Sr. Plaintiff alleges that his constitutional rights are being

violated because funds are being deducted from his inmate account each day as a Room and Board

Fee and because he is being denied grievance forms to communicate his complaint to prison staff.

Plaintiff seeks monetary damages in the amount of $75,000.00 as well as injunctive relief. After

reviewing plaintiff's complaint, the claims against defendants must be dismissed pursuant to 28

U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Plaintiff alleges that on five different occasions in 2007, his inmate account was "placed in a negative balance" and "froze[n]" by defendant Beach without procedural due process. Compl. 4. He claims that this placement and freezing violates his rights under the Fourteenth Amendment. Additionally, he claims that defendant Hodge violated his rights by "allowing [defendant] Beach to deprive him of [his] due process." Id. Plaintiff believes that a due process violation occurred because "during his admittance at Riverside Regional Jail[,] there was no signing of any papers on being placed in a negative balance." Id. He alleges further that defendant Beach's actions violated the "Ex Post Facto laws of the U.S. Constitution" and that on three occasions, Beach violated Virginia Code § 53-131.3[2] by deducting more than $1.00 per day from his inmate account. Id. at 5. Finally, plaintiff claims that defendants' actions constitute cruel and unusual punishment. Id. He states that he did not exhaust his institution's administrative remedies with respect to the allegations raised in the instant complaint because a prison official refused to give him a grievance form. Id. at 3.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined

---

[2] The statute provides, in relevant part:

> Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoners' keep .... Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes.

Va. Code § 53.1-131.3.

2

by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker,

9 F. Supp. 2d 641, 642 (E.D. Va. 1998). In considering a motion to dismiss, the court presumes that

all factual allegations in the complaint are true and accords all reasonable inferences to the non-

moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994); see Mylan Labs. Inc. v.

Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss, the factual allegations

in the complaint "must be enough to raise a right to relief above the speculative level" to one that

is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v.

Twombly, – US –, 127 S.Ct. 1955, 1965, 1974 (2007). Courts may also consider exhibits attached

to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596

(E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1357, at 299 (2d ed. 1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312

(4th Cir. 1995)). Moreover, where a conflict exists between "the bare allegations of the complaint

and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing

Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

### III. Merits

A. Room and Board Fee

Plaintiff alleges that defendants are violating his constitutional rights by charging him $1.00

each day as a Room and Board Fee. He claims that the imposition of this fee against him violates

the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment's prohibition against

cruel and unusual punishment, and the Ex Post Facto Clause. Additionally, plaintiff claims that "on

the dates of 8/21/07 and 11/09/2007, 9/05/2007[, defendant] Beach acting under color of state law

... exceeded the $1.00 per day and deprived plaintiff of his due process." Compl. 5. Liberally

construed, this latter claim alleges that defendant Beach deprived him of property without procedural due process.

It is well-settled that prisoners may be required to pay for certain expenses associated with their care. Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 n.7 (1983); Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 247 (4th Cir. 2005); Waters v. Bass, 304 F.Supp. 2d 802, 808 (E.D.Va. 2004).   The Fourth Circuit has upheld, against Fourteenth Amendment due process and equal protection challenges, the charging by prison officials of the $1.00 per day room and board fee allowed by Virginia Code § 53-131.3. See Slade, 407 F.3d at 251-54. Additionally, the $1.00 fee does not violate the Ex Post Facto Clause as plaintiff alleges because the imposition of "a $1.00 a day fee for the purpose of defraying [the] costs [of his incarceration] is not 'punishment' within the meaning of the Fourteenth Amendment." Id. at 248.   Thus, plaintiff's claim that the $1.00 fee violates the Due Process Clauses of the Fourteenth Amendment or the Ex Post Facto Clause fails to state a claim.

To state a claim of cruel and unusual punishment in violation of the Eighth Amendment, plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury and (2) that prison officials acted with deliberate indifference to his needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition).   As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298

(1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Thus, the deprivation must result in a serious injury to the prisoner. Strickler, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment."). Plaintiff has not alleged that he suffered any injury as a result of the imposition of the $1.00 fee, much less an injury sufficiently serious to state a claim under the Eighth Amendment. Moreover, because courts have held that a $1.00 per day fee is not a "punishment," the fee can neither violate the Eighth Amendment nor the Ex Post Facto Clause. See Slade, 407 F.3d at 250; see also Waters, 304 F. Supp. 2d at 809. Because the $1.00 fee does not violate plaintiff's rights under the Ex Post Facto clause or the Eighth or Fourteenth Amendments, plaintiff fails to allege a constitutional violation and therefore fails to state a claim under § 1983.

To the extent that plaintiff alleges that the jail has been deducting more than $1.00 per day from his inmate account in violation of his due process rights, he also fails to state a claim. The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendants' acts must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, where it is impractical to provide a meaningful hearing prior to an alleged deprivation, the availability of meaningful post-deprivation procedures satisfies the requirements of due process. Parratt v. Taylor, 451 U.S. 527, 538 (1981) (due process satisfied by post-deprivation remedies when a deprivation is caused by the random,

5

unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown"). Furthermore, Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia Code § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).

Because plaintiff does not claim that he has been denied post-deprivation procedures to redress the alleged withdrawal of more than $1.00 per day from his inmate account, his allegations fail to state a § 1983 claim. Whether plaintiff is claiming that defendant Beach deprived him of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation due process, plaintiff's claim concerning any excessive withdrawals from his inmate account must be dismissed.[3]

B. Grievance Procedures

Liberally construed, it also appears that plaintiff is alleging that a prison official violated his

---

[3]Additionally, the Court notes that plaintiff provided a daily log of the deposits to and withdrawals from his inmate account. Compl. 9-14. Notably, on 8/21/07, 9/05/07, and 11/09/07, the specific dates on which plaintiff complains that defendant deducted more than $1.00 from his inmate account, the log plaintiff provides shows that only $1.00, and no more, was deducted. Thus, plaintiff's own exhibit calls this claim into question.

constitutional rights when he refused to give plaintiff a grievance or request form. Compl. 3. The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Therefore, even if a prison official failed to give plaintiff a grievance or request form, such an allegation does not state a claim under § 1983. Accordingly, this claim will also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

C. Supervisory Liability

Liberally construed, plaintiff includes Riverside Regional Jail Superintendent Hodge as a defendant on the theory that he too violated plaintiff's constitutional rights because he is responsible for the actions of his employees. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slankan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). However, because the complaint makes clear that defendants did not violate plaintiff's constitutional rights, Hodge cannot be liable in a supervisory capacity.

7

Furthermore, plaintiff has not alleged that Hodge was personally involved in the deprivation of plaintiff's constitutional rights. Accordingly, plaintiff's claim against defendant Hodge must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## IV. Conclusion

Based on the foregoing, plaintiff has failed to present a claim for which relief can be granted in this § 1983 proceeding. As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. An appropriate Order shall issue.

Entered this ___28___ day of _____May_____ 2008.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge